United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31142
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT JACKSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50045-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roosevelt Jackson appeals his sentence imposed following his
guilty plea conviction for distribution of 50 grams or more of
crack cocaine. Jackson was sentenced to 188 months' imprisonment
to be followed by a five-year term of supervised release.

Jackson argues that the district court erred as a matter of
law in making an adjustment of his offense level pursuant to
U.S.S.G. § 2D1.1(b)(1) because the Government provided no
evidence that he had knowledge of, or access to, the weapons
found in a bedroom dresser in his residence. He argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was no evidence of a temporal or spatial relationship between the weapons and his drug-trafficking activities.

The Government presented evidence that Jackson regularly sold crack cocaine from his residence.  Crack cocaine as well as drug paraphernalia were discovered in the residence at the same time that the weapons and ammunition were found there.  Thus, there was proof of a temporal and spatial relationship among the weapon, the drug-trafficking activity, and Jackson.  United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

The state court's order for the destruction of the weapons discovered at the time and place that Jackson was found in possession of drugs for which he was convicted raised an inference that the weapons belonged to Jackson.  Jackson failed to rebut this inference.  The defendant has the burden to rebut the reliable evidence used against him at sentencing.  United States v. Solis, 299 F.3d 420, 455 (5th Cir. 2002).  Jackson has not carried that burden.

The sentence imposed is AFFIRMED.