United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-31142
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT JACKSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(03-CR-50045-ALL)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed Roosevelt Jackson's guilty-plea conviction for distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and his 188-month sentence. *United States v. Jackson*, No. 03-31142, 2004 WL 1418791 (5th Cir. 22 June 2004). The Supreme Court granted Jackson's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

vacated our previous judgment; and remanded the case for further consideration in the light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Jackson v. United States*, 125 S. Ct. 1015 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

For the first time in his petition for writ of certiorari, Jackson challenged the constitutionality of his sentence, based on the then-recent holding in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), because he was sentenced based on certain facts neither pleaded to, nor found by, a jury. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for writ of certiorari. *United States v. Taylor*, ___ F.3d ___, 2005 WL 1155245, at *1 (5th Cir. 17 May 2005).

Jackson has presented no evidence of extraordinary circumstances. Even if such circumstances were not required, because Jackson did not raise his *Booker*-claims in district court, any review would be only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Jackson does not contend his claims satisfy plain-error review, as described in *Mares*, because he makes no attempt in showing any error affected his substantial

rights. (Along this line, Jackson contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; and prejudice to his substantial rights should therefore be presumed. However, our court has rejected this contention as inconsistent with *Mares*. *See* ***United States v. Malveaux***, ___ F.3d ___, 2005 WL 827121, at n.9 (5th Cir. 11 April 2005). He raises the ***Booker***-issue only in order to preserve it for possible review by the Supreme Court.) In sum, because he fails plain-error review, Jackson falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*